NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2116-16T4

PATRICIA RUFF,

 Plaintiff-Respondent,

v.

WEST KINNEY GARDENS, ROIZMAN
PROPERTIES, STRIKE FORCE OF
NEW JERSEY INC., USI SERVICES
GROUP INC., NEWARK HOUSING
AUTHORITY, HAYES GARDENS, AND
HAYES HOMES FAMILY ORGANIZATION,

 Defendants,

and

NEWARK PUBLIC SCHOOLS,1

 Defendant-Appellant.
__________________________________

 Argued June 8, 2017 – Decided July 11, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-4983-
 14.

1
 This party is improperly pled as Newark Public Schools. The
correct name is State-Operated School District of the City of
Newark.
 Ryan A. Richman argued the cause for appellant
 (McCarter & English, L.L.P., attorneys;
 Natalie S. Watson, of counsel and on the
 briefs; Mr. Richman, Christopher Rojao and
 Elizabeth Monahan, on the briefs).

 Alan Berliner argued the cause for respondent
 (Rothenberg, Rubenstein, Berliner & Shinrod,
 L.L.C., attorneys; Mr. Berliner, on the
 brief).

PER CURIAM

 On our leave granted, defendant, the State-Operated School

District of the City of Newark (Newark), appeals from an October

28, 2016 order denying its motion for summary judgment. We

reverse.

 Plaintiff filed suit against all the defendants, following

the alarming events of August 4, 2012, when she was walking with

her daughter and grandchildren and was shot by an unknown assailant

on a public sidewalk at the corner of Sayre and West Kinney Streets

in Newark. Plaintiff was on her way to a reunion hosted by the

Hayes Homes Family Organization (Hayes) at the West Kinney

Vocational High School playground. Newark issued a permit for the

Hayes reunion to be held at the playground, allowing access to the

playground area but not the school building. Newark was to arrange

for a police officer to be present from 12:00 p.m. to 8:30 p.m.

 In plaintiff's deposition, she described approaching the

playground, when two women yelled someone had a gun and they all

 2 A-2116-16T4
began running. Plaintiff felt a pinch and realized she had been

shot in the arm, but yelled for her grandchildren to keep running.

Plaintiff then felt the gun hit her and she was "knocked out cold."

Plaintiff could not identify who shot her or from where the shots

originated, but she had been shot three times: once in the arm,

once in the breast, and once in the back. Plaintiff was not on

Newark property when she was shot, but argued the shooter was

located on Newark property, and asserted Newark is responsible for

a lack of police protection.

 On October 28, 2016, the trial court denied Newark's motion

for summary judgment, finding a material factual dispute as to the

location of the shooter at the time of the incident. Newark moved

for reconsideration, which was denied by the trial court on

December 2, 2016. The court wrote in its order Newark failed to

demonstrate how the court erred or failed to consider relevant

case law or facts pursuant to Rule 4:49-2. On January 26, 2017,

we granted Newark's motion for leave to appeal the October 28,

2016 order and the December 2, 2016 order denying Newark's motion

for reconsideration.

 When reviewing a grant of summary judgment, we use the same

standard as that of the trial court. Globe Motor Co. v. Igdalev,

225 N.J. 469, 479 (2016). A court should grant summary judgment,

"if the pleadings, depositions, answers to interrogatories and

 3 A-2116-16T4
admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact challenged

and that the moving party is entitled to a judgment or order as a

matter of law." Ibid. (citing R. 4:46-2(c)). The evidence must

be viewed in "the light most favorable to the non-moving party."

Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012).

"Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard

mandates that the opposing party do more than 'point[] to any fact

in dispute' in order to defeat summary judgment." Globe Motor

Co., supra, 225 N.J. at 479 (citing Brill v. Guardian Life Ins.

Co. of Am., 142 N.J. 520, 529 (1995)) (alterations in original).

 Newark argues the trial judge erroneously denied summary

judgment, arguing it was entitled to immunity under the New Jersey

Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, as a matter of law

pursuant to N.J.S.A. 59:5-4, which states "Neither a public entity

nor a public employee is liable for failure to provide police

protection service or, if police protection service is provided,

for failure to provide sufficient police protection service."

Therefore, Newark contends, the location of the shooter was not a

material factual dispute warranting the denial of summary judgment

because, even if the shooter were located on Newark property,

Newark would still qualify for immunity pursuant to N.J.S.A. 59:5-

4. We agree.

 4 A-2116-16T4
 The Tort Claims Act's guiding principle is that "immunity

from tort liability is the general rule and liability is the

exception." Coyne v. Dep't of Transp., 182 N.J. 481, 488 (2005)

(quoting Garrison v. Twp. of Middletown, 154 N.J. 282, 286 (1998)).

It is the public policy of this state that a public entity will

only be liable for negligence as set forth in the Tort Claims Act.

Pico v. State, 116 N.J. 55, 59 (1989).

 This court has stated the legislative purpose behind N.J.S.A.

59:5-4 "is to protect the public entity's 'essential right and

power to allocate its resources in accordance with its conception

of how the public interest will best be served, an exercise of

political power which should be insulated from interference by

judge or jury in a tort action.'" Rodriguez v. N.J. Sports &

Exposition Auth., 193 N.J. Super. 39, 43 (App. Div. 1983), (quoting

Suarez v. Dosky, 171 N.J. Super. 1, 9 (App. Div. 1979), certif.

denied, 82 N.J. 300 (1980)), certif. denied, 96 N.J. 291 (1984).

Additionally, N.J.S.A. 59:5-4 precludes suits against public

entities "based upon contentions that damage occurred from the

absence of a police force or from the presence of an inadequate

one." Suarez, supra, 171 N.J. Super. at 9. Therefore, a public

entity may "determine with impunity whether to provide police

protection service and, if provided, to what extent." Rodriguez,

supra, 193 N.J. Super. at 43.

 5 A-2116-16T4
 Plaintiff concedes her theory of liability against Newark is

the failure to provide police protection at the time of the

incident.

 The statute is clear Newark is immune from the present suit

pursuant to N.J.S.A. 59:5-4. Therefore, Newark is entitled to

summary judgment. The location of the shooter is not a material

fact warranting the denial of summary judgment. Where the shooter

was is of no moment. Newark qualifies for immunity because

plaintiff's claim is Newark did not provide adequate police

protection, a claim from which Newark is protected pursuant to

N.J.S.A. 59:5-4.

 Reversed and remanded for the entry of judgment of dismissal

in Newark's favor.

 6 A-2116-16T4